IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL TAYLOR, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00653 |
| | ) | |
| v. | ) | |
| | ) | |
| LESLIE FLEMING, *et al.*, | ) | By: Elizabeth K. Dillon |
|     Defendants. | ) |     United States District Judge |

**MEMORANDUM OPINION**

Daniel Taylor, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered on March 6, 2017, the court granted summary judgment for two defendants in this case, Dr. Dulaney and Nurse Stanford, a medical department supervisor. *Taylor v. Fleming*, No. 7:15CV00653, 2017 WL 888362 (W.D. Va. Mar. 6, 2017). Taylor alleged in the amended complaint (Dkt. No. 77) that Dr. Dulaney did not adequately monitor or treat him for excessive weight loss in 2014 and 2016 and refused to hear his complaint or treat him properly for headaches in October 2015. The court found that Taylor had not presented disputed facts to show that Dr. Dulaney had acted with deliberate indifference to any serious medical need. *Id.* at 3-5. The court also found that Taylor had not alleged any action or omission by Nurse Stanford in violation of his rights and could not hold her vicariously liable under § 1983 for the actions or omissions of others. *Id.* at *3.

Taylor has filed a pleading (Dkt. No. 108), arguing that the summary judgment was prematurely granted or without merit. Given the arguments and the timing of the motion within 28 days of the order granting summary judgment, the court construes the submission as a motion to alter or amend judgment under Rule 58(e) of the Federal Rules of Civil Procedure. After review of the record, the court reaffirms the finding that these defendants are entitled to summary judgment as a matter of law and will deny Taylor's motion.

Taylor first contends that the court granted summary judgment without allowing him to obtain requested discovery of medical records. The court finds no basis here to amend the judgment. In a separate motion filed before the amended complaint, Taylor complains that the defendants failed to respond to discovery requests seeking, among other things, production of a copy of Taylor's medical records from 2006 to 2014. (Pl.'s Mot. Compel 2, Dkt. No. 52.) Taylor states that he submitted written requests for production of these documents in January 2016, but has never received them. At no time prior to the summary judgment opinion did Taylor demonstrate how these medical records were "essential" to his response to the defendants' motion. *See* Fed. R. Civ. P. 56(d) (requiring litigant to provide "affidavit or declaration showing, for specified reasons, it cannot present facts essential to justify its opposition"). Moreover, with the motion for summary judgment, the defendants provided copies of medical records for Taylor, covering from March 9, 2014 through February 8, 2016, which more than covered the period when Dr. Dulaney treated Taylor at Wallens Ridge. For these reasons, the court finds no discovery-related ground for vacating the order granting summary judgment.[1]

Taylor next argues that the court's ruling on summary judgment should be vacated because his motions for appointment of counsel (Dkt. Nos. 13 and 53) were denied. "[A] § 1983 litigant has no right to appointed counsel . . . ." *McMillian v. Wake Cnty. Sheriff's Dep't*, 399 F. App'x 824, 829 (4th Cir. 2010) (citing *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968)). Nevertheless, a district court *may* appoint counsel when "a pro se litigant has a colorable claim but lacks the capacity to present it." *Id.* (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)). In its orders denying Taylor's motions for appointment of counsel (Dkt. Nos. 14 and 54), the court held that Taylor had not made the requisite showings. Moreover, in granting

---

[1] Moreover, Taylor's motion to compel does not comply with Rule 37 of the Federal Rules of Civil Procedure and will be denied by separate order.

summary judgment, the court found that Taylor had not stated meritorious claims, another ground justifying the court's denial of counsel. Accordingly, the court finds the denial of appointment of counsel offers no basis for relief from the summary judgment ruling.

Finally, Taylor contends that his allegations were sufficient to preclude summary judgment. His contentions do not satisfy the prevailing standard for relief under Rule 59(e).

> A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). It is an extraordinary remedy that should be applied sparingly. *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

In the present motion, Taylor does not identify any intervening change in controlling law. He seeks to overturn summary judgment by alleging new facts or emphasizing others already addressed: that Nurse Stanford alleged "failed in doing what Dr. Thompson expected of her years ago by not having the nursing staff monitor my weight week-to-week for a hyper thyroid condition which Dr. Dulaney herself explained could be fatal"; that Taylor's hyperthyroid condition had been diagnosed in 2007; that two doctors, who treated him before Dr. Dulaney's tenure that started in 2014, had prescribed an energy drink to address weight loss related to hyperthyroid; and that Dr. Dulaney refused to prescribe an energy drink, despite evidence of weight loss; that he had complained of headaches that "caused problems with hand-to-eye coordination and problems writing at times"; and that his headache complaints were "ignored" for more than a month and then went untreated by Dr. Dulaney. (Mot. 2-4, Dkt. No. 108)

After careful review, the court concludes that all of the facts mentioned in Taylor's present motion are accounted for in the court's memorandum opinion, or are not inconsistent with the findings in that opinion, and thus, do not alter the court's conclusions on Taylor's claims. Therefore, the court finds no clear error or manifest injustice arising from the court's

3

order granting summary judgment for Dr. Dulaney and Nurse Stanford. For the reasons stated, the court concludes that the motion for reconsideration must be denied.

An appropriate order will be entered.

Entered: September 27, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge